THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* ANTONIO ACEVEDO RODRÍGUEZ, Defendant and Appellant.

No. 14043.   Argued November 7, 1949.—Decided December 16, 1949.

662

*Arcilio Alvarado* and *Carlos J. Ortiz* for appellant.  *Vicente Géi-gel Polanco, Attorney General,* and *J. Rivera Barreras, Fiscal of the Supreme Court,* for appellee.

MR. JUSTICE MARRERO delivered the opinion of the Court.

Antonio Acevedo Rodríguez was accused and convicted of the offenses of carrying a weapon and violation of the Registration of Firearms Act.  On appeal he assigns only two errors.  These are to the effect that the lower court erred in finding proved that he was carrying and possessed the weapon referred to herein and in finding that the weapon in question was not registered in his name.

The evidence for The People was to the effect that on November 11, 1948, at about fifteen minutes to three in

the morning, two policemen from headquarters at Stop 19 were travelling in a jeep along the extension of Labra Street, at a short distance from the drawbridge located on the road leading from Santurce to Bayamón; that the policemen saw four persons standing in the middle of the road and one of them started to run; whereupon they arrested the remaining three because they were intoxicated; that at the time, the defendant remained somewhat to the rear and went around behind a parked station wagon; that one of the policemen then went around by the front and saw that the defendant had one of his hands in his bosom and took out a dull object which he tossed and that upon throwing it it hit a wooden fence; that that object was the pistol being shown to the witness and offered in evidence; and that the witness learned it was a pistol when he picked it up from the ground. Said evidence also revealed that the pistol offered in evidence was not registered in anybody's name.

Defendant's evidence tended to show that on the night in question he was together with two other persons drinking coffee in a restaurant; that when they came out the glaring lights of a car hit them and right after that a man ran past them; that that man tossed an object which they did not see; that the police arrested them; that the defendant was not searched at any time; and that the latter was not carrying any pistol.

The lower court resolved the conflict and concluded that the defendant had committed the offenses charged. Undoubtedly there is sufficient evidence in the record to support the conclusion reached by the lower court. *People* v. *Blanco*, 68 P.R.R. 862.

The fact that the judge stated, upon being asked to reconsider the sentence imposed, that "in San Juan, and in the island of Puerto Rico in general, the crime wave is increasing to such an extent that this judge. . . does not feel inclined to impose the minimum in any case of citizens brought

before his consideration unless it were an extremely exceptional case," does not mean that upon taking cognizance of the cases and rendering judgments he acted under the influence of passion, prejudice or partiality.

■■ With respect to the weapon seized, witness Altieri confined himself to saying that it was not registered in anyone's name in the register kept by the police. The appellant did not present evidence to the contrary. This logically meant that the pistol was not registered in his name either. *People* v. *Piñero*, 68 P.R.R. 565. Hence, the lower court acted correctly in also finding the defendant guilty of that offense. However, in view of the decision of December 14, 1949, certiorari No. 1823, *The People of Puerto Rico* v. *District Court of San Juan, Julián Ríos Díaz, Intervener, ante*, p. 664, the case against this defendant for violation of the Registration of Firearms Act is ordered to be dismissed. Nevertheless, although in the cited case its dismissal is ordered, provided that Ríos Díaz previously comply with the obligation imposed by law of registering the weapon, it is unnecessary herein to comply with that requisite, inasmuch as appellant was also accused of carrying a weapon and the latter was seized, and upon being convicted of this latter offense the weapon should be forfeited pursuant to the provisions of § 9 of Act No. 14, of 1924, pp. 114, 120.

The judgment rendered in the case of carrying a weapon will be affirmed and the case on violation of the Registration of Firearms Act will be dismissed.